UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TOMMY L. MORGAN, | Case No. 4:25-cv-00109-DKG |
| Petitioner, | **INITIAL REVIEW ORDER** |
| v. | |
| TYRELL DAVIS, | |
| Respondent. | |

Petitioner Tommy L. Morgan, an inmate in the custody of the Idaho Department of Correction, has filed a Petition for Writ of Habeas Corpus. *See* Dkt. 1. The Court must review each habeas corpus petition upon receipt to determine whether the petition is subject to summary dismissal pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules").

1.    **Review of Petition**

The Petition in this case does not comply with Habeas Rule 2(d), which requires any habeas petition brought pursuant to 28 U.S.C. § 2254 to "substantially follow either the form appended to these rules or a form prescribed by a local district-court rule." This Court has adopted a local form for § 2254 petitioners. Accordingly, within 28 days after entry of this Order, Petitioner must file an amended petition that complies with Rule 2(d).

**2.      Petition to Recognize Lacey Sivak**

Petitioner has asked the Court to recognize another inmate, Lacey Sivak, as Petitioner's "legal assistant of record." Dkt. 5. Sivak, a frequent pro se litigator in this Court, is not an attorney.

As a non-attorney, Sivak is prohibited from representing others in litigation. Accordingly, the Court will deny the request to recognize Sivak as Petitioner's representative in any capacity. Petitioner should be aware that prisoners do not have a right to give legal assistance to, or to receive legal assistance from, other prisoners "beyond the protection normally accorded prisoners' speech." *Shaw v. Murphy*, 532 U.S. 223 (2001); *see Turner v. Safley*, 482 U.S. 78, 89 (1987) ("[W]hen a prison regulation impinges on inmates' [First Amendment] rights, the regulation is valid if it is reasonably related to legitimate penological interests.").

## ORDER

**IT IS ORDERED:**

1.      Within 28 days after entry of this Order, Petitioner must file an amended petition that complies with Habeas Rule 2(d).

2.      The Clerk of Court will provide Petitioner with this Court's form § 2254 petition, and Petitioner is encouraged and expected to use that form to draft any amended petition. If Petitioner does not file a timely amended petition, this case may be dismissed with prejudice and without further notice.

3.    Petitioner's Petition to Recognize Lacey Sivak as Legal Assistant of Record

(Dkt. 5) is DENIED.

DATED: May 5, 2025

_____
Honorable Debora K. Grasham
United States Magistrate Judge

INITIAL REVIEW ORDER - 3