UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TOMMY L. MORGAN,<br><br>                Petitioner,<br><br>   v.<br><br>TYRELL DAVIS,<br><br>                Respondent. | Case No. 4:25-cv-00109-DKG<br><br>**SUCCESSIVE REVIEW ORDER** |

      The Court previously reviewed Petitioner Tommy L. Morgan's Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules"), determined that it failed to comply with Habeas Rule 2(d), and gave Plaintiff an opportunity to file an amended petition. *See* Dkt. 7. Petitioner has now filed an amended complaint, which is subject to review by the Court.

      All parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. *See* Dkt. 6.

## REVIEW OF AMENDED PETITION

**1.**     **Standard of Law for Review of Petition**

      The Court is required to review a habeas corpus petition upon receipt to determine whether it is subject to summary dismissal. Habeas Rule 4. Summary dismissal is

appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.*

**2.     Discussion**

In Bonneville County Case No. CR10-22-02790, Petitioner was convicted of lewd conduct with a child under the age of sixteen. He received a unified sentence of 25 years in prison with 20 years fixed. *See Init. Pet., Att. 1*, Dkt. 1-1 at 1 (ECF p.2).

In his Amended Petition for Writ of Habeas Corpus, Petitioner brings the following claims.[1]

In Claim 1(a),[2] Petitioner claims he received ineffective assistance of counsel in the following ways: (i) failing to adequately communicate with Petitioner or with the prosecutor; (ii) waiving Petitioner's right to a speedy trial; (iii) accepting a plea deal without consulting Petitioner; (iv) failing to adequately advise Petitioner of the consequences of a guilty plea, including the possible sentence, the waiver of his right to be free from compelled self-incrimination, and the nature of the charge; (v) failing to contact Petitioner before the change-of-plea hearing; (vi) yelling at Petitioner and coercing him to accept the plea deal; (vii) failing to follow Petitioner's instruction to file a motion to withdraw the plea; (viii) failing to help Petitioner complete certain portions of the pre-sentence investigation questionnaire; (ix) failing to adequately advise Petitioner

---

[1] If Petitioner disagrees with the Court's construction of any claim, he must inform the Court and Respondent of any corrections within 21 days after entry of this Order.

[2] Because Claim 1 appears to assert two different Sixth Amendment claims—an ineffective assistance claim (which includes numerous sub-claims) and a speedy trial claim—the Court has added alphanumeric identifiers to Petitioner's claims for ease of reference.

SUCCESSIVE REVIEW ORDER - 2

before or during the sentencing hearing; (x) giving an ineffective argument at sentencing; and (xi) failing to file a timely direct appeal. *Am. Pet.*, Dkt. 8, at 7–13.

In Claim 1(b), Petitioner appears to assert an independent claim of a speedy trial violation, in addition to the ineffective assistance claim involving the speedy trial right asserted in Claim 1(a)(ii). *Id*. at 12.

Claim 2 asserts that the trial judge committed misconduct by (a) shaking his head, thus indicating that the judge "was not considering … the Petitioner's statements," and (b) failing to follow Idaho Criminal Rule 11 and advising Petitioner as required by that rule.[3] Petitioner contends that these actions by the judge violated the Fifth, Ninth, Tenth, and Fourteenth Amendments. However, because only the Fourteenth Amendment's Due Process Clause appears implicated by the allegations in Claim 2, the Court construes the claim as asserting judicial bias in violation of due process. *Id*. at 13–14.

Finally, Claim 3 asserts that Petitioner's guilty plea was not knowing, voluntary, and intelligent. *Id*. at 14–16.

Federal habeas corpus relief is available to prisoners who are held in custody under a state court judgment that violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). Habeas relief is not available for violations of state law, such as claims of error during state post-conviction proceedings. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989) (per curiam).

---

[3] Failure to comply with Idaho Criminal Rule 11 is not a "violation of the Constitution or laws or treaties of the United States" and, therefore, is not a claim that can be heard in federal habeas corpus. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law.").

A petitioner must "exhaust" his state court remedies before pursuing a claim in a federal habeas petition. 28 U.S.C. § 2254(b). To properly exhaust a claim, a habeas petitioner must fairly present it as a federal claim to the highest state court for review in the manner prescribed by state law. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

If, in this case, Petitioner did not properly exhaust his claims in the Idaho Supreme Court before filing his federal Petition, he may face procedural challenges from Respondent. The Court does not have the full record before it to determine whether Petitioner has properly exhausted his claims. The Court will order the Clerk of Court to serve the Petition upon Respondent, who will be permitted to file an answer or a pre-answer motion for summary dismissal and will be ordered to provide a copy of relevant portions of the state court record to this Court.

Accordingly, Petitioner may proceed on the Petition to the extent that the claims (1) are cognizable—meaning they actually can be heard—in a federal habeas corpus action, (2) were timely filed in this Court, and (3) were either properly exhausted in state court or are subject to a legal excuse for any failure to exhaust in a proper manner. At this time, the Court expresses no opinion as to whether any of these issues applies to any of Petitioner's claims.

## ORDER

**IT IS ORDERED:**

1. The Clerk of Court will serve (via ECF) a copy of the Amended Petition (Dkt. 8), along with any attachments, together with a copy of this Order, on

        L. LaMont Anderson, on behalf of Respondent Davis, at Mr. Anderson's registered ECF address.

2. **Within 120 days** after service of the Petition, Respondent may file either of the following: (1) a motion for summary dismissal or partial summary dismissal on procedural grounds (which may be followed by an answer if the motion is unsuccessful); or (2) an answer and brief, on the claims that were adjudicated on the merits by the Idaho Supreme Court, that also includes a brief summary (between one paragraph and several pages) of any procedural defenses for any claims (which may be argued in the alternative). The Court may order the parties to brief the merits of claims that may be subject to a procedural bar if the merits analysis is more straightforward than a complicated procedural analysis.

3. Respondent must file with the responsive pleading or motion, or within a reasonable time period thereafter, a copy of all portions of the state court record previously transcribed that are relevant to a determination of the issues presented. Any presentence investigation reports or evaluations—which must be provided to the Court if the Amended Petition contains any sentencing claims—must be filed under seal. The lodging of the remainder of the state court record, to the extent that it is lodged in paper format, is exempt from the redaction requirements, as provided in District of Idaho Local Civil Rule 5.5(c). It is presumed that Petitioner has a copy of the state court record from his previous counsel. If Petitioner does not, Petitioner

may file a motion to obtain relevant portions of the record, wherein Petitioner must state which portions of the state court record Petitioner does possess.

4. If the response to the habeas petition is an answer, Petitioner must file a reply (formerly called a traverse), containing a brief rebutting Respondent's answer and brief, which must be filed and served within 28 days after service of the answer and brief. Respondent has the option of filing a sur-reply within 14 days after service of the reply. At that point, the case will be deemed ready for a final decision.

5. If the response to the habeas petition is a motion, Petitioner's response must be filed and served **within 28 days** after service of the motion, and Respondent's reply, if any, must be filed and served **within 14 days** thereafter.

6. In the response to the habeas petition, whether a motion or an answer and brief, Respondent must include citations to all portions of the state court record that support Respondent's assertions. For example, although Respondent may include citations to a state appellate court decision that describes events that took place in a lower court, Respondent must also include citations to the underlying lower court record.

7. If any of Petitioner's claims are currently under consideration in state court proceedings, any party may file a motion to stay this case pending the

outcome of those proceedings. *See Rhines v. Weber*, 544 U.S. 269, 277–78 (2005); *Mena v. Long*, 813 F.3d 907, 908 (9th Cir. 2016).

8. No party may file supplemental responses, replies, affidavits or other documents not expressly authorized by the Local Rules without first obtaining leave of Court.

9. No discovery may be undertaken in this matter unless a party obtains prior leave of Court, pursuant to Rule 6 of the Habeas Rules.

10. The parties may, but need not, file the following in this matter: (1) notices of non-objections to motions to which they do not object; (2) responses to motions for appointment of counsel; (3) responses to motions that are meritless, frivolous, or filed in contravention of this Order; or (4) notices of intent not to file a reply. If additional briefing is required on any issue, the Court will order it.

11. Each party must ensure that all documents filed with the Court are simultaneously served via the ECF system or by first-class mail upon the opposing party (through counsel if the party has counsel), pursuant to Federal Rule of Civil Procedure 5. Each party must sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of the person upon whom service was made, or as specified by the applicable ECF rules. The Court will not consider ex parte requests unless a motion may be heard ex parte according to the rules and the motion is clearly identified as

        requesting an ex parte order, pursuant to Local Rule 7.2. ("Ex parte" means that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

12. All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10 and 11, and Local Rules 5.2 and 7.1. The Court will not consider requests made in the form of letters.

13. Petitioner must at all times keep the Court and Respondent advised of any change in address.

14. If Petitioner's custodian changes at any point during this litigation, Petitioner must file a Notice of Substitution of Respondent within 28 days of such change, identifying the person who is substituted as Respondent. *See* Fed. R. Civ. P. 25(d); Habeas Rule 2(a).