UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

TOMMY L. MORGAN,

                Petitioner,

    v.

TYRELL DAVIS,

                Respondent.

Case No. 4:25-cv-00109-DKG

**MEMORANDUM DECISION AND ORDER**

Pending before the Court is an Amended Petition for Writ of Habeas Corpus filed by Idaho state prisoner Tommy L. Morgan ("Petitioner"), challenging Petitioner's state court conviction. *Am. Pet.*, Dkt. 8. Respondent has filed a Motion for Summary Dismissal, arguing that all of Petitioner's claims are procedurally defaulted. Dkt. 17. The Motion is now ripe for adjudication.

The Court takes judicial notice of the records from Petitioner's state court proceedings, which have been lodged by Respondent. Dkt. 16, 18; *see* Fed. R. Evid. 201(b); *Dawson v. Mahoney*, 451 F.3d 550, 551 n.1 (9th Cir. 2006).

The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. *See* Dkts. 4, 6. Having carefully reviewed the record, including the state court record, the Court finds that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d). Accordingly, and for the reasons that follow, the Court will enter

MEMORANDUM DECISION AND ORDER - 1

the following Order granting Respondent's Motion and dismissing this case with prejudice.

## BACKGROUND

In the Seventh Judicial District Court in Bonneville County, Idaho, Petitioner pleaded guilty to one count of lewd conduct with a minor under the age of sixteen. In exchange, the prosecution dismissed four other counts. *State's Lodging A-9*. Petitioner was sentenced to a unified term of twenty-five years in prison with five years fixed. *State's Lodging A-27* at 30. The judgment was entered on July 5, 2023. *State's Lodging A-12*.

Petitioner did not file a timely appeal from his conviction and sentence. He did file a motion for reconsideration of his sentence, which was denied. *State's Lodging A-1* at 22–23. Petitioner did not appeal the denial of that motion.

Petitioner's direct appeal was not filed until November 14, 2024. *Id*. at 23. This notice of appeal was untimely under state law. According to Idaho Appellate Rule 14(a), an appeal must be filed within 42 days after entry of judgment.

Along with his untimely appeal, Petitioner filed a "notice" to withdraw his guilty plea. *State's Lodging A-1* at 23. Presumably because the "notice" was not styled as a motion, the state district court did not address it. *See generally id.*

The Idaho Supreme Court entered an order conditionally dismissing the appeal, noting that the appeal was untimely but giving Petitioner an opportunity to respond. *State's Lodging A-21*. Of relevance to the instant Motion for Summary Dismissal, Petitioner claimed his defense counsel did not act timely to file the appeal. *State's*

MEMORANDUM DECISION AND ORDER - 2

*Lodging A-24*. On January 15, 2025, the state supreme court dismissed Petitioner's appeal as untimely. *State's Lodging A-25*.

Petitioner did not pursue state post-conviction relief. Such a proceeding is the appropriate way for an Idaho prisoner to raise claims of ineffective assistance of counsel in state court. *See Matthews v. State*, 839 P.2d 1215, 1220 (Idaho 1992) (stating that, in Idaho, "a petition for post-conviction relief is the preferred forum for bringing claims of ineffective assistance of counsel").

In the instant federal habeas corpus petition, Petitioner asserts the following claims.

Claim 1(a) asserts that Petitioner's trial counsel rendered ineffective assistance in eleven ways: (i) failing to adequately communicate; (ii) waiving Petitioner's right to a speedy trial; (iii) accepting a plea deal without consulting Petitioner; (iv) failing to adequately advise Petitioner of the consequences of a guilty plea, including the possible sentence, the waiver of his right to be free from compelled self-incrimination, and the nature of the charge; (v) failing to contact Petitioner before the change-of-plea hearing; (vi) yelling at Petitioner and coercing him to accept the plea deal; (vii) failing to follow Petitioner's instruction to file a motion to withdraw his guilty plea; (viii) failing to help Petitioner complete certain portions of the pre-sentence investigation questionnaire; (ix) failing to adequately advise Petitioner before or during the sentencing hearing; (x) giving an ineffective argument at sentencing; and (xi) failing to timely appeal. *Am. Pet.* at 7–13.

In Claim 1(b), Petitioner asserts a violation of his Sixth Amendment right to a speedy trial. *Id*. at 12.

MEMORANDUM DECISION AND ORDER - 3

Claim 2 alleges that the trial judge committed misconduct by (a) shaking his head, thus indicating the judge was not considering Petitioner's statements, and (b) failing to follow Idaho Criminal Rule 11. *Id*. at 13–14. The Court has construed these claims as due process claims. Dkt. 11 at 3.

In Claim 3, Petitioner alleges that his guilty plea was not knowing, voluntary, and intelligent. *Am. Pet*. at 14–16.

The Court previously reviewed the Petition. Petitioner was allowed to proceed on his claims to the extent those claims "(1) are cognizable—meaning they actually can be heard—in a federal habeas corpus action, (2) were timely filed in this Court, and (3) were either properly exhausted in state court or subject to a legal excuse for any failure to exhaust in a proper manner." Dkt. 11 at 4.

## DISCUSSION

The Rules Governing Section 2254 Cases ("Habeas Rules") authorize the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any attached exhibits," as well as those records subject to judicial notice, "that the petitioner is not entitled to relief in the district court." Habeas Rule 4; *see* Fed. R. Evid. 201(b); *Dawson*, 451 F.3d at 551 n.1. Where appropriate, as here, a respondent may file a motion for summary dismissal, rather than an answer. *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

Respondent argues that Petitioner's claims are procedurally defaulted and that no legal excuse for the default exists. For the reasons that follow, the Court agrees.

MEMORANDUM DECISION AND ORDER - 4

1.      **Procedural Default Standards of Law**

A habeas petitioner must exhaust his or her remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To do so, the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so that they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Id.* at 845. In a state that has the possibility of discretionary review in the highest appellate court, like Idaho, the petitioner must have presented all of his federal claims at least in a petition seeking review before that court. *Id.* at 847. "Fair presentation" requires a petitioner to describe both the operative facts and the legal theories upon which the federal claim is based. *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996).

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and the state court would now refuse to consider it because of the state's procedural rules, the claim is said to be procedurally defaulted. *Id*. at 161–62. Claims are procedurally defaulted in the following situations: (1) when a petitioner has completely failed to raise a claim before the Idaho courts; (2) when a petitioner has raised a claim, but has failed to fully and fairly present it as a *federal* claim to the Idaho courts; and (3) when the Idaho courts have rejected a claim on an adequate and independent state procedural ground. *Id.*; *Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

To be an "adequate" state ground, a procedural bar must be one that is "'clear, consistently applied, and well-established at the time of the petitioner's purported default.'" *Martinez v. Klauser*, 266 F.3d 1091, 1093 (9th Cir. 2001) (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)). A state procedural bar is "independent" of federal law if it does not rest on, and if it is not interwoven with, federal grounds. *Bennett v. Mueller*, 322 F.3d 573, 581 (9th Cir. 2003) (*as amended on denial of rehearing en banc*).

Once the state sufficiently pleads the existence of an adequate and independent state procedural bar, the burden shifts to the petitioner to establish that the rule is not adequate or is dependent on federal law. "The petitioner may satisfy this burden by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule." *Bennett*, 322 F.3d at 586. The ultimate burden to show that the procedural rule is adequate and independent, however, remains with the state.

## 2.  Petitioner's Claims Are Procedurally Defaulted

Although Petitioner eventually appealed his conviction and sentence, the Idaho Supreme Court declined to address Petitioner's claims because the notice of appeal was untimely. In Idaho, any appeal from the judgment of a district court must be filed within 42 days after entry of that judgment. Idaho App. R. 14(a).

The Idaho Supreme Court held long ago that the filing of a timely notice of appeal is jurisdictional. *Neal v. Harris*, 597 P.2d 234, 236 (Idaho 1979). Accordingly, Idaho appellate courts lack the authority to ignore the untimeliness of an appeal, and the Court

MEMORANDUM DECISION AND ORDER - 6

is not aware of any case in which the state court addressed claims despite an untimely appeal. Rule 14(a) is adequate because it is clear and consistently applied, and it was well-established at the time of Petitioner's case.[1] *See Klauser*, 266 F.3d at 1093.

In addition to being adequate, Idaho Appellate Rule 14(a) is also independent, as it does not rely on federal law. Because the Idaho Supreme Court's dismissal of Petitioner's direct appeal was based on adequate and independent state procedural grounds, any of Petitioner's claims raised in that appeal are procedurally defaulted.

Additionally, Petitioner never filed a state post-conviction petition, which would have been the proper way to raise in state court his claims of ineffective assistance of counsel. Because Petitioner has never presented these claims to the Idaho Supreme Court, they also are procedurally defaulted.

**3.      Petitioner Has Not Shown that He Is Excused from the Default of His Claims**

For the reasons set forth above, all of Petitioner's habeas claims are procedurally defaulted. However, that conclusion does not end the inquiry. A federal district court can

---

[1] In *Sivak v. Hardison*, the United States Court of Appeals for the Ninth Circuit held that Idaho's 42-day appeal period is inadequate in capital cases "involving allegations of ineffective assistance of counsel where the petitioner 'continued to be represented by his original trial counsel during the forty-two day period.'" 658 F.3d 898, 906 (9th Cir. 2011) (quoting *Hoffman v. Arave*, 236 F.3d 523, 534 (9th Cir. 2001)). However, this exception to Rule 14(a)'s adequacy applies only in capital cases. Idaho's unified direct appeal and post-conviction proceeding—which is unique to death penalty cases, *see* Idaho Code § 19-2715—means that any ineffectiveness claims must be raised in the *same* appeal as direct appeal claims of trial error. In such a case, the 42-day period is inadequate because "it is the rare attorney who can be expected to contend on appeal that his representation was so poor that he deprived his client of a fair trial." *Hoffman*, 236 F.3d at 534 (internal quotation marks and alteration omitted). Here, Petitioner was not required to raise his ineffectiveness claims along with his direct appeal claims. Indeed, in noncapital cases like Petitioner's, petitioners generally *must* raise their ineffectiveness claims in a post-conviction petition filed *after* the direct appeal is concluded. *Matthews*, 839 P.2d at 1220. Petitioner never filed such a petition. Because Petitioner's case was not a death penalty case, he cannot avail himself of the *Sivak*/*Hoffman* exception to Rule 14(a)'s adequacy.

MEMORANDUM DECISION AND ORDER - 7

hear the merits of a procedurally defaulted claim, but only if the petitioner meets one of two exceptions: (1) a showing of adequate legal cause for the default and prejudice arising from the default; or (2) a fundamental miscarriage of justice, which means that a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Murray v. Carrier*, 477 U.S. 478, 488, 496 (1986); *Schlup v. Delo*, 513 U.S. 298, 329 (1995).

### A.    Cause and Prejudice

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray*, 477 U.S. at 488. To show "prejudice," a petitioner generally bears "the burden of showing not merely that the errors [in his proceeding] constituted a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

Petitioner claims he should be excused from the default of his direct appeal claims because his trial counsel was ineffective by not timely filing a notice of appeal despite Petitioner's instructions. Dkt. 20 at 2–4.

Ineffective assistance of counsel can constitute cause for a default. *See Edwards v. Carpenter*, 529 U.S. 446, 452 (2000) ("[I]n certain circumstances counsel's ineffectiveness in failing properly to preserve the claim for review in state court will suffice."). However, for ineffective assistance to serve as cause to excuse a default, that ineffectiveness claim must itself have been separately presented to the state appellate

MEMORANDUM DECISION AND ORDER - 8

courts. *Id.* ("A claim of ineffective assistance ... generally must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.") (internal quotation marks and alteration omitted).

In other words, before a federal court can consider ineffective assistance of counsel as cause to excuse the default of an underlying habeas claim, a petitioner generally must have presented the ineffective assistance claim in a procedurally proper manner to the state courts, such as in a post-conviction relief petition, including through the level of the Idaho Supreme Court. If the ineffective assistance asserted as cause was not fairly presented to the state courts, a petitioner must show an excuse for that separate default as well. *Id.* at 453 ("[A]n ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted.").

Petitioner did not properly exhaust his claim that counsel rendered ineffective assistance by failing to file a timely appeal, as required by *Edwards*. Though he raised the claim in response to the Idaho Supreme Court's order conditionally dismissing his direct appeal, the appeal was untimely as discussed above. Moreover, the proper way to raise the claim was in a petition for state post-conviction relief, which Petitioner never filed.

Petitioner has not even attempted to establish an excuse for failing to properly exhaust his claim that counsel was ineffective for not filing a timely appeal. Accordingly, Petitioner has not shown cause and prejudice to excuse the default of any of his claims.

### B.   *Actual Innocence*

If a petitioner cannot show cause and prejudice for the procedural default of his claims, he still can bring the claims in a federal habeas petition if he demonstrates a

MEMORANDUM DECISION AND ORDER - 9

fundamental miscarriage of justice. This standard requires proof that a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Id.* Actual innocence in this context "means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

In asserting actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. A procedurally defaulted claim may be heard under the miscarriage-of-justice exception only if, "in light of all of the evidence, 'it is more likely than not that no reasonable juror would have found [the petitioner] guilty beyond a reasonable doubt.'" *United States v. Avery*, 719 F.3d 1080, 1083 (9th Cir. 2013) (quoting *Schlup*, 513 U.S. at 327). Stated another way, the petitioner must show that, but for the constitutional error, *every* reasonable juror would vote to acquit.

This is a particularly exacting standard, one that will be satisfied "only in the extraordinary case." *House v. Bell*, 547 U.S. 518, 538 (2006) (internal quotation marks omitted). Indeed, cases where the actual innocence gateway standard has been satisfied have "typically involved dramatic new evidence of innocence." *Larsen v. Soto*, 742 F.3d 1083, 1096 (9th Cir. 2013). Such evidence may include new DNA evidence, or "a detailed third-party confession," that "undermine[s] the validity of the prosecution's entire case." *Sistrunk v. Armenakis*, 292 F.3d 669, 677 (9th Cir. 2002); *see House*, 547 U.S. at 540–41. The actual innocence exception is not satisfied by evidence that is merely

MEMORANDUM DECISION AND ORDER - 10

speculative, collateral, cumulative, or "insufficient to overcome otherwise convincing proof of guilt." *Larsen*, 742 F.3d at 1096.

A court determining whether a petitioner has established actual innocence must consider "all the evidence, old and new, incriminating and exculpatory, admissible at trial or not." *Lee v. Lampert*, 653 F.3d 929, 938 (9th Cir. 2011) (en banc) (internal quotation marks omitted). An actual innocence analysis "requires a holistic judgment about all the evidence and its likely effect on reasonable jurors applying the reasonable-doubt standard"; in other words, the federal court must "make a probabilistic determination about what reasonable, properly instructed jurors would do." *House*, 547 U.S. at 538-39 (2006) (internal quotation marks omitted).

Petitioner claims he is actually innocent of his crime of conviction because he lacked the requisite intent. However, Petitioner has not presented any new evidence to support this claim. As a result, Petitioner has not established actual innocence to excuse the default of his claims.

## CONCLUSION

For the reasons set forth above, Petitioner's claims must be dismissed as procedurally defaulted without excuse.

## ORDER

**IT IS ORDERED:**

1.    Respondent's Motion for Summary Dismissal (Dkt. 17) is GRANTED, and the Amended Petition is DISMISSED with prejudice.

2.      The Court does not find its resolution of this habeas matter to be reasonably debatable and, therefore, will not issue a certificate of appealability. *See* 28 U.S.C. § 2253(c); Habeas Rule 11.

DATED: May 27, 2026

Honorable Debora K. Grasham
United States Magistrate Judge

MEMORANDUM DECISION AND ORDER - 12